UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROCHELLE SYTSMA,

        Plaintiff,

   v.

PHILLIPS 66 COMPANY,

        Defendant.

CASE NO. C20-0181RAJ-DWC

ORDER

## I.   INTRODUCTION

Before the court are: (1) Defendant Phillips 66 Company's ("Phillips") motion for summary judgment (MSJ (Dkt. # 21); MSJ Reply (Dkt. # 29)); (2) Plaintiff Rochelle Sytsma's opposition to Phillips's motion for summary judgment (MSJ Resp. (Dkt. # 24)); (3) United States Magistrate Judge David W. Christel's report and recommendation (R&R (Dkt. # 31)); (4) Ms. Sytsma's objections to the report and recommendation (Obj. (Dkt. # 32)); and (5) Phillips's response to Ms. Sytsma's objections (Obj. Resp. (Dkt. # 33)). Having carefully reviewed the foregoing, all other relevant documents, and the

ORDER - 1

governing law, the court ADOPTS IN PART Magistrate Judge Christel's report and recommendation and GRANTS Phillips's motion for summary judgment.

## II. BACKGROUND

The court ADOPTS the portions of the report and recommendation that set forth the factual and procedural background of this case because no party has objected to them. (*See* R&R at 2-3.) This toxic tort action arises out of Ms. Sytsma's alleged exposure to a "cloud" of hydrofluoric acid vapor while driving past Phillips's oil refinery in Ferndale, Washington. (*See* Compl. (Dkt. # 1-2) ¶¶ 3.2-3.3.) She alleges that she "experienced a burning sensation in her lungs, and suffered chemical burns on her skin and hair" after driving through the "cloud" and sustained "permanent and disabling" bodily injuries as a result of exposure. (*See id.* ¶¶ 3.4, 6.2.) Ms. Sytsma brings negligence and strict liability claims against Phillips. (*See id.* at ¶¶ 4.2-4.9.)

Phillips filed a motion for summary judgment, asserting that Ms. Sytsma cannot prove the causation elements of her toxic tort claims. (MSJ at 6-12.[1]) Specifically, it argued that she failed to disclose admissible expert testimony to establish that she "was exposed to a product that is capable of causing a particular condition in the general population (general causation)" and "that her alleged exposure did in fact result in that condition in herself (specific causation)." (*Id.* at 10-12; MSJ Reply at 7-12.) Magistrate Judge Christel issued a report and recommendation recommending that the court grant Phillips's motion for summary judgment. (*See* R&R at 1-2, 16 (concluding that Ms.

---

[1] When citing to the parties' pleadings, the court uses the pleadings' internal pagination unless otherwise stated.

ORDER - 2

Sytsma failed to provide sufficient admissible evidence to establish the general and specific causation elements of her toxic tort claims).) Ms. Sytsma timely filed her objections to the report and recommendation, and Phillips timely responded to Ms. Sytsma's objections. (*See* Obj.; Obj. Resp.)

### III.    ANALYSIS

The court begins by setting forth the standard of review before turning to the merits of Ms. Sytsma's objections.

**A.    Standard of Review**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**B.    Ms. Sytsma's Objections to the Report and Recommendation**

Ms. Sytsma makes two objections to Magistrate Judge Christel's recommendation that the court grant Phillips's motion for summary judgment. (*See generally* Obj. at 2; R&R at 1-2, 16.) The court addresses each objection in turn.

//

//

1.  <u>Exclusion of Expert Witnesses under Federal Rule of Civil Procedure 37(c)</u>

Ms. Sytsma objects to Magistrate Judge Christel's conclusion that her expert witness disclosures violated Federal Rule of Civil Procedure 26(a), and thus, the identified experts should be excluded under Rule 37(c) because the violation was neither justified nor harmless. (Obj. at 3-4; R&R at 4-9.) She argues that even if her initial expert witness disclosure was insufficient, the sanction of excluding her expert witnesses—including her causation expert, Dr. Gargano—is too severe because it "would effectively dismiss [her] claims." (Obj. at 4.) Rather, Ms. Sytsma argues that the "proper 'sanction' would be to require [her] to supplement, and provide a summary of the treating providers' expected testimony, which was already provided." (*Id.* at 3.)

Ms. Sytsma's first objection essentially reiterates the arguments she made to Magistrate Judge Christel regarding why her failure to comply with Rule 26(a) was substantially justified or harmless and does not raise any novel issues that were not addressed by Magistrate Judge Christel. (*See* R&R at 6-9; *see also* MSJ Resp. at 11 (alleging that counsel believed the initial disclosure was adequate and Phillips was not prejudiced by the later filed supplement); Obj. at 3 (claiming that the "alleged error was harmless" and counsel "believed the [initial] disclosure was adequate" but supplemented the initial disclosure after "further review of case law").) The court has independently considered Ms. Sytsma's arguments and agrees with, and ADOPTS, the portion of the report and recommendation that concludes that Ms. Sytsma's expert witness disclosures violated Rule 26(a) and that her violation was neither substantially justified nor harmless. (*See* R&R at 6-9.)

ORDER - 4

1    However, as Ms. Sytsma noted in her objections (*see* Obj. at 3-4), if a discovery
2    sanction "amount[s] to the dismissal of a claim," the Ninth Circuit requires the district
3    court to consider whether the noncompliance involved willfulness, fault, or bad faith and
4    the availability of lesser sanctions. *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240,
5    1247-48 (9th Cir. 2012). The exclusion of Dr. Gargano, Ms. Sytsma's only expert who
6    offers an opinion as to causation (R&R at 9-10),[2] would effectively result in the dismissal
7    of Ms. Sytsma's toxic tort claims because expert testimony is required to establish the
8    causation elements in toxic tort cases involving airborne chemicals. *See Whisnant v.*
9    *United States*, No. C03-5121FDB, 2006 WL 8442606, at *2 (W.D. Wash. Oct. 24, 2006);
10   *Bruns v. PACCAR, Inc.*, 890 P.2d 469, 476-77 (Wash. Ct. App. 1995); *Henricksen v.*
11   *ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1177 (E.D. Wash. 2009). Because Magistrate
12   Judge Christel did not consider those factors before excluding Ms. Sytsma's expert
13   witnesses under Rule 37(c), the court DECLINES TO ADOPT the portion of the report
14   and recommendation that concludes that the appropriate sanction for Ms. Sytsma's
15   violation of Rule 26(a) is exclusion of her expert witnesses. (*See* R&R at 8-9.) However,
16   the court need not address whether exclusion is an appropriate sanction in this case
17   because, as discussed below, the court ADOPTS Magistrate Judge Christel's
18   recommendation to exclude Dr. Gargano's opinion as to causation under *Daubert v.*
19   *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

---

[2] Because Ms. Sytsma was required to disclose her expert witnesses on May 4, 2021 (3/10/21 Order (Dkt. # 19)), she cannot now attempt to add any additional causation expert witnesses.

ORDER - 5

2. Exclusion of Dr. Gargano's Opinion as to Causation Under *Daubert*

Ms. Sytsma also objects to Magistrate Judge Christel's conclusion that, even if Dr. Gargano is not excluded under Rule 37(c), his testimony fails to establish the general or specific causation elements of her toxic tort claims. (Obj. at 2; R&R at 10-16 (evaluating and excluding Dr. Gargano's opinion as to causation under *Daubert* because he was the only expert who submitted a declaration that "is arguably related to proving causation").) In support of this objection, Ms. Sytsma claims that Magistrate Judge Christel's conclusion "is improperly based on the weight and credibility of the testimony of Charles Gargano, MD not the facts presented." (Obj. at 2.) She does not, however, address Magistrate Judge Christel's reasoning regarding the unreliability of Dr. Gargano's testimony as to specific causation under *Daubert* and Dr. Gargano's failure to provide information as to general causation. (*See generally* Obj.; *see also* R&R at 13 ("As Dr. Gargano provided no information related to exposure to hydrofluoric acid vapors or his knowledge about such exposures, the [c]ourt finds Dr. Gargano's opinion is silent as to general causation."); *id.* at 14 ("Dr. Gargano did not rely on any independent research or specific studies to support his conclusion that Plaintiff was exposed to toxic amounts of hydrofluoric acid vapor and that this exposure did in fact cause her symptoms. His opinion also fails to show whether or how he used differential diagnosis to reach his ultimate conclusion.").)

Contrary to Ms. Sytsma's suggestions, it was proper for Magistrate Judge Christel to evaluate whether Dr. Gargano's proffered testimony regarding causation was admissible under *Daubert* and Federal Rule of Evidence 702 because a "court can only

consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Silicone Gel Breast Implants Prod. Liab. Litig.*, 318 F. Supp. 2d 879, 922 (C.D. Cal. 2004) (evaluating the plaintiff's causation experts' testimony under *Daubert* at summary judgment, finding such testimony inadmissible, and concluding that it could not be used to create a genuine issue regarding specific causation). The court finds that Magistrate Judge Christel's conclusion that Ms. Sytsma failed to create a genuine dispute of material fact regarding the causation elements of her toxic tort claims was based on the inadmissibility of Dr. Gargano's testimony under *Daubert* and Federal Rule of Evidence 702, not the "weight or credibility" of his testimony. (*See* R&R at 10-16.) Moreover, the court finds Magistrate Judge Christel's reasoning persuasive and agrees with his conclusions that: (1) Dr. Gargano's opinion as to causation should be excluded under *Daubert* and Rule 702 because it is "unreliable as to specific causation" and "silent as to general causation"; and (2) because Ms. Sytsma failed to provide an expert who can testify as to the causation elements of her claims, she failed to carry her burden of proof on the causation elements of her toxic tort claims. (*See id.*) Accordingly, the court ADOPTS this portion of the report and recommendation and GRANTS Phillips's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court ADOPTS IN PART the report and recommendation (Dkt. # 31), GRANTS Phillips's motion for summary judgment (Dkt.

ORDER - 7

# 21), and DISMISSES this action.  The Clerk is directed to send copies of this order to the parties and to Magistrate Judge Christel.

Dated this the day 18th of April, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8